Case 7:23-cv-03912-KMK   Document 8   Filed 05/31/23   Page 1 of 3
Case 7:23-cv-03912-KMK   Document 7   Filed 05/31/23   Page 1 of 3
MEMO ENDORSED



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8673

May 31, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    *Grier v. Kim*, No. 23 Civ. 3912 (KMK)

Dear Judge Karas:

The Office of the Attorney General represents Judge Hyun Chin Kim ("Judge Kim"), who is named as a defendant in her official capacity as a handgun licensing officer for Orange County, New York. Judge Kim respectfully requests a stay of proceedings pending a decision by the Second Circuit in *Antonyuk v. Hochul*, No. 22-cv-986 (N.D.N.Y.), No. 22-2908 (2d Cir.), which addresses the precise issue in this case, the constitutionality of N.Y. Penal Law § 400.01(1)(b)'s requirement that a person applying for a firearms license must have "good moral character." Alternatively, Judge Kim requests an extension of time, from June 7, 2023 to July 14, 2023, to answer or otherwise respond to the Complaint. This is Judge Kim's first request for an extension of time to respond to the Complaint. Plaintiff Kevin Grier ("Plaintiff") does not consent to the stay request, but does consent to the extension of time.

**A.    Background**

    **1.    Plaintiff's Allegations**

In July 2021, Plaintiff allegedly submitted an application for a handgun license with the Orange County Sheriff's Office, which was forwarded to Judge Kim in her capacity as the firearm licensing officer for Orange County. *See* Complaint ¶ 30. By written decision dated February 21, 2023, Judge Kim denied Plaintiff's application for a handgun license based upon "the exercise of the Court's discretion," though the Complaint declines to provide any information about the factual basis for the determination.[1] *Id.* ¶¶ 33-34. Plaintiff alleges that Judge Kim is forbidden from

---

[1] Although the February 21, 2023 decision is referenced in the Complaint as "Exhibit 1," Plaintiff did not attach the decision to the Complaint.

The Honorable Kenneth M. Karas
May 31, 2023

appraising facts or exercising judgment in determining applications for firearms licenses, and that § 400.00(1)(b), violates the Second Amendment under *Bruen*, both facially and as applied. Plaintiff asks the Court to issue an order of mandamus requiring Judge Kim to grant Plaintiff's application for a New York State Pistol License. *Id.*, ¶ 52.

### 2. The *Antonyuk* Litigation

On September 20, 2022, six plaintiffs filed a lawsuit in the Northern District of New York against Governor Hochul and eight other defendants. The *Antonyuk* plaintiffs launched a Second Amendment challenge to several provisions of New York's firearms laws, including the same "good moral character" provision that Plaintiff now challenges. On November 7, 2022, Judge Glenn Suddaby granted plaintiffs' motion for a preliminary injunction in substantial part. *See Antonyuk v. Hochul*, No. 22-cv-986, -- F. Supp. 3d --, 2022 WL 16744700 (N.D.N.Y. Nov. 7, 2022). Defendants appealed the injunction to the Second Circuit, which issued a stay pending appeal on December 7, 2022. Appellate briefing is now complete and oral argument was held on March 20, 2023.

### B. A Stay is Warranted Given the Similarity Between This Case and *Antonyuk*

Plaintiff's lawsuit raises the same Second Amendment challenge to the "good moral character" provision of the CCIA that is currently pending before the Second Circuit in *Antonyuk*. Accordingly, Judge Kim respectfully requests that the Court issue a stay of these proceedings because "resolution of that appeal should guide this Court in ruling on one of the key issues in this litigation." *Goldstein v. Time Warner New York City Cable Group*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (stay of proceedings is justified "when a higher court is close to settling an important issue of law bearing on the action"). Additionally, the five factors that govern a motion for a stay of proceedings weigh decisively in favor of granting a stay in this case. *See Bahl v. N.Y. College of Osteopathic Med. of N.Y. Inst. of Tech.*, No. 14-cv-4020 (AKT), 2018 WL 4861390, at *2 (E.D.N.Y. Sept. 28, 2018) (courts weigh five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest")(internal quotation marks omitted)).

First, Plaintiff will not be unduly prejudiced by a stay of proceedings given that the *Antonyuk* appeal is fully briefed, oral argument was held March 20, and a decision will be forthcoming. *See Estate of Heiser v. Deutsche Bank Trust Co.*, No. 11-cv-1608 (AJN) (MHD), 2012 WL 2865485, at *4 (S.D.N.Y. July 10, 2012) (granting stay where "there is little likelihood of a prolonged delay in this case" based upon briefing schedule in Second Circuit appeal that is basis for the stay). The second factor heavily favors a stay as well. Should this case go forward, the parties may expend considerable time and resources litigating this case. Once the Second Circuit issues a decision in *Antonyuk*, the parties may have needlessly expended their time and resources. *See Nuccio v. Duve*, No. 13-cv-1556 (MAD) (TWD), 2015 WL 1189617 at *5 (N.D.N.Y. Mar. 16, 2015) ("[T]he second factor – the private interests of and burden on Defendant – weighs in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the [other] [a]ction will necessarily resolve."). The third factor likewise favors a stay of proceedings, as "[p]ermitting this action to

The Honorable Kenneth M. Karas
May 31, 2023

proceed while judicial resources elsewhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources." *Id.* For the same reason, the interests of non-parties and the public would be well-served by a stay of proceedings. *Id.* ("Staying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and minimiz[ing] the possibility of conflicts between different courts.") (internal quotation marks omitted).

This Office has made similar stay requests in other recent lawsuits challenging the CCIA, which have been granted. *See, e.g., LoGiudice v. Nigrelli, et al.*, No. 22-cv-04363 (E.D.N.Y. Mar. 22, 2023) (Minute Order); *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Nigrelli*, No. 22-cv-907 (N.D.N.Y. Dec. 1, 2022) (ECF Nos. 32-33); *Bleuer v. Nigrelli*, No. 22-cv-1037 (N.D.N.Y. Dec. 2, 2022) (ECF No. 100). For the foregoing reasons, a stay is well-justified in this case as well.

Alternatively, Judge Kim respectfully requests an extension of time, from June 7, 2023 to July 14, 2023, to answer or otherwise respond to the Complaint. In the event that a stay is granted, Judge Kim requests that her response to the Complaint be due 30 days after the Second Circuit's decision.

We thank the Court for its consideration of this request.

Plaintiff is to respond to this application by 6/5/23.

So Ordered.
/s/ [signature]
5/31/23

Respectfully submitted,

/s/_____
YUVAL RUBINSTEIN
Special Litigation Counsel
yuval.rubinstein@ag.ny.gov

cc:    All counsel of record (via ECF)

3