

June 5, 2023

**VIA ECF**

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *Grier v. Kim*
                 23 Civ. 3912 (KMK)

Your Honor,

      I represent the plaintiff, Kevin Grier, in the above-referenced matter. I write in response to the motion by the defendant for a stay of these proceedings pending a determination in the matter of *Antonyuk v. Nigrelli*, No. 22-2908 pending in the Second Circuit <u>and</u> a determination of the lower court case, *Antonyuk v. Hochul*, 22 Civ. 986 (NDNY).

      There are several reasons that Plaintiff opposes a stay of these proceedings.

      The appeal before the Second Circuit concerns the review of an order of the Northern District Court granting a preliminary injunction of various provisions of the Concealed Carry Improvement Act (CCIA), including the "moral character" provision challenged herein, Penal Law 400.00(1)(b)[1] and not a decision on the merits of the underlying Second and Fourteenth Amendment causes of action. And while "likelihood of success on the merits" is a factor to be considered in such a motion, the bulk of the State's argument regarding 400.00(1)(b) concerns the plaintiffs' lack of standing and absence of an injury-in-fact – factors that are not present in this case.

      Although *Antonyuk* and the case at bar both raise challenges to section 400.00(1)(b), no motion for an injunction is pending before this Court. A determination by the Second Circuit on whether the plaintiffs met the standard for a preliminary injunction would not be determinative of the underlying merits of Plaintiff's Second Amendment challenge to the statute.

---

[1] Assessing the "moral character" of an applicant was a preexisting requirement under § 400.00(1)(b); the CCIA incorporated additional language.

And the State's request for a stay of this case until the underlying merits of the NDNY case in *Antonyuk* are decided should also be denied. **First,** no decision in *Antonyuk* would be binding on this Court. **Second,** the *Antonyuk* case is stayed pending the Second Circuit's decision – presumably because, for one thing, a finding that one or all of the plaintiffs lacked standing would narrow the litigation of the case. But such a finding would not affect the case at bar.  And if this case were stayed pending the outcome of the district court case, Plaintiff would be significantly prejudiced by the delay in adjudicating his constitutional violations, which are ongoing.

**Third,** the reasoning underlying the October 6, 2022 PI decision in *Antonyuk* does not square with Plaintiff's position here or the *Bruen* test.[2] Among other things, the *Antonyuk* court felt - improperly - that the "good moral character" provision could be "rendered constitutional" if it were changed to the following:

> "A license shall be issued or renewed except for an applicant . . . who has been found by a preponderance of the evidence based on his or her conduct to not be of good moral character, which…shall mean having the essential character, temperament and judgment necessary …to use [the weapon entrusted to the applicant] only in a manner that does not endanger oneself or others, other than self-defense."[3]

*Any* assessment that involves the "appraisal of facts, the exercise of judgment, and the formation of an opinion" was explicitly rejected by the Supreme Court as *inconsistent* with the plain text of the Second Amendment.[4] The district court's adoption of a "preponderance of the evidence" test – in the face of the Supreme Court's unwavering rejection of any 'tests' in *Bruen*, *Heller*, and *McDonald*  – also fails constitutionally.[5]

Here, Plaintiff was denied the right to possess and/or carry a handgun based on non-prohibiting events. Objective criteria are those enumerated by statute – e.g., 18 U.S.C. 922(g), Penal Law 265.00(17), and 400.00(1)(a)[6], (c)[7], and (g)[8]. A felony conviction is an objective disqualifier; dismissed charges and non-disqualifying convictions, are not. Congress and the Legislature have categorized disqualifying *convictions*, which must also withstand constitutional scrutiny. But allowing a licensing officer to 'assess' *any alleged conduct* – person by person – is exactly what the Supreme Court has denounced multiple times.

---

[2] The decision on appeal is that rendered on November 7, 2022, not the October 6, 2022 opinion. But to the extent that the defendant seeks a stay pending a final determination of the district court case, the district court's interpretation of the Second Amendment is inconsistent with Supreme Court precedent and the *Bruen* test.

[3] *Antonyuk v. Hochul*, No. 122CV0986GTSCFH, 2022 WL 5239895, at *10 (N.D.N.Y. Oct. 6, 2022), appeal withdrawn, No. 22-2379, 2022 WL 19396512 (2d Cir. Nov. 14, 2022).

[4] *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2138 n. 9 (2022) (rejecting discretionary factors in favor of the application of "narrow, objective, and definite standards" as the Supreme Court requires.").

[5] "In *Heller*, however, we expressly rejected the argument that the scope of the Second Amendment right should be determined by judicial interest balancing…and this Court decades ago abandoned 'the notion that the Fourteenth Amendment applies to the States only a watered-down, subjective version of the individual guarantees of the Bill of Rights'." *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 785–86 (2010) (internal citations omitted).

[6] Requiring an applicant to be over 21, with limited exceptions.

[7] Prohibiting the issuance of a license is the applicant is convicted of a felony or serious offense as defined by Penal Law 265.00(17).

[8] Prohibiting issuance of a license to an individual who was dishonorably discharged from the military.

- 3 -

      For the foregoing reasons, the defendant's request for a stay of these proceedings should, most respectfully, be denied.

Sincerely,

*Amy L. Bellantoni*
Amy L. Bellantoni