UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN GRIER,

                Plaintiff,

                v.

HYUN CHIN KIM, in her capacity as statutory licensing officer pursuant to Penal Law 265.00(10); 400.00, et seq.,

                Defendant.

No. 23-cv-3912 (KMK)

---

# MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

 

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Defendant
28 Liberty Street
New York, New York 10005

LINDA FANG
 *Special Litigation Counsel*
    *of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

STATEMENT OF THE CASE............................................................................................................ 2

STANDARD OF REVIEW ................................................................................................................. 4

ARGUMENT ....................................................................................................................................... 5

    I   THIS COURT LACKS JURISDICTION OVER THIS ACTION ....................................... 5

        A.  There Is No Justiciable Case or Controversy Here. ............................................................ 6

        B.  The Eleventh Amendment Bars Plaintiff's Claims............................................................. 8

    II.  JUDGE KIM IS ENTITLED TO STATUTORY IMMUNITY UNDER § 1983. .............. 11

CONCLUSION.................................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937) ................................................................ 5

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2d Cir. 2011) ....................................... 4

*Aron v. Becker*, 48 F. Supp. 3d 347 (N.D.N.Y. 2014) ................................................................ 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 5

*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) ............................................................................... 6

*Bliven v. Hunt*, 579 F.3d 204 (2d Cir. 2009) .............................................................................. 12

*Butz v. Economou*, 438 U.S. 478 (1978) .................................................................................... 12

*Capogrosso v. Gelbstein*, No. 22-2827-cv,
  2023 WL 7485363 (2d Cir. Nov. 13, 2023) ............................................................................... 9

*Caruso v. Zugibe*, 646 F. App'x 101 (2d Cir. 2016) .................................................................. 10

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ..................................................... 5

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ....................................................................... 7

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) .................................................................... 7

*Davis v. Lansing*, 851 F.2d 72 (2d Cir. 1988) ........................................................................... 10

*Deem v. DiMella-Deem*, No. 18-cv-11889 (KMK),
  2019 WL 1958107 (S.D.N.Y. May 2, 2019) ............................................................................ 10

*Green v. Mansour*, 474 U.S. 64 (1985) ........................................................................................ 9

*Hollingsworth v. Perry*, 570 U.S. 693 (2013) ............................................................................... 5

*Hylton v. J.P. Morgan Chase Bank N.A.*, 338 F. Supp. 3d 263 (S.D.N.Y. 2018) ......................... 5

*In re Dairy Mart Convenience Store, Inc.*, 411 F.3d 367 (2d Cir. 2005) ..................................... 8

*In re Justices of Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir. 1982) .......................... 7, 8

*Johnson-El v. DeProspo*, No. 20-cv-2878 (LLS),
  2020 WL 5350487 (S.D.N.Y. Sept. 3, 2020) ........................................................................... 13

## TABLE OF AUTHORITIES (con't)
**Cases**                                                                                     **Page(s)**

*Jones v. Caputo*, No. 22-cv-1640 (LTS),
  2022 WL 623499 (S.D.N.Y. Mar. 3, 2022) .................................................................. 10

*Kellogg v. Nichols*, No. 23-cv-658, __ F. Supp. 3d __,
  2023 WL 8046892 (N.D.N.Y. Nov. 21, 2023) ..................................................... 7, 9, 13

*Kentucky v. Graham*, 473 U.S. 159 (1985) ................................................................... 11

*Li v. Lorenzo*, 712 F. App'x 21 (2d Cir. 2017) ......................................................... 8, 10

*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020) .......... 12, 13, 15

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................. 5, 8

*M.M. v. N.Y. State Ct. of Appeals*, No. 21-2924,
  2022 WL 1565694 (2d Cir. May 18, 2022) .................................................................. 9

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000) ............................................... 4

*Matter of Harper v. Neary*, No. 2023-02620,
  2024 WL 950149 (2d Dep't Mar. 6, 2024) ................................................................. 14

*Matter of Husejnovic*, No. 2023-02771, 2024 WL 950125 (2d Dep't Mar. 6, 2024) ... 10

*Matter of Kovarsky v. Housing & Dev. Admin. of City of N.Y.*, 31 N.Y.2d 184 (1972) ............... 14

*Matter of Maher v. Kim*, 223 A.D.3d 906 (2d Dep't 2024) .......................................... 14

*Matter of Robbins v. Warhit*, 198 A.D.3d 790 (2d Dep't 2021) ................................... 14

*McCluskey v. New York State Unified Court Sys.*, 442 F. App'x 586 (2d Cir. 2001) .................. 14

*MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007) .............................................. 5

*Mendez v. Heller*, 530 F.2d 457 (2d Cir. 1976) .............................................................. 8

*Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999) .................................................... 14, 15

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008) .............................. 4

*Nat'l Rifle Ass'n of Am. v. Hochul*, No. 20-3187-cv,
  2021 WL 5313713 (2d Cir. Nov. 16, 2021) ................................................................ 11

## TABLE OF AUTHORITIES (con't)
**Cases**                                                                                                  **Page(s)**

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) ............................... 9

*Paulk v. Kearns*, 596 F. Supp. 3d 491 (W.D.N.Y. 2022) .............................................................. 13

*Porter v. City of N.Y.*, No. 03-cv-6463, 2004 WL 7332338 (E.D.N.Y. Mar. 15, 2004) ............... 11

*Pulliam v. Allen*, 446 U.S. 522 (1984) .................................................................................... 6, 10

*Sargent v. Emons*, 582 F. App'x 51 (2d Cir. 2014) ...................................................................... 14

*SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*,
   548 F. App'x 741 (2d Cir. 2014) ................................................................................................ 8

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) .................................................................... 8

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) .............................................. 4

*Sibley v. Watches*, No. 19-cv-6517,
   2024 WL 1157047 (W.D.N.Y. Mar. 18, 2024) ..................................................................... 10, 15

*Sweet v. Sheahan*, 235 F.3d 80 (2d Cir. 2000) ............................................................................... 4

*Trello v. McKeighan*, 624 F. Supp. 3d 150 (N.D.N.Y. 2022) ....................................................... 13

*Triestman v. McGinty*, 804 F. App'x 98 (2d Cir. 2020) ............................................................... 10

*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) ........................................... 1, 6, 8, 9, 10

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) .......................................................... 8

**Statutes**

42 U.S.C. § 1983 ...................................................................................................................... 11, 14

N.Y. Penal Law § 265.00 .............................................................................................................. 3, 6

N.Y. Penal Law § 265.01-B ............................................................................................................. 2

N.Y. Penal Law § 400.00 ............................................................................................................. 2, 3

Defendant, Orange County Court Judge Hyun Chin Kim ("Judge Kim"), respectfully submits this memorandum of law, together with the accompanying Declaration of Linda Fang, dated March 21, 2024 ("Fang Decl."), in support of her motion to dismiss the complaint, dated May 10, 2023 (ECF Doc. No. 1), pursuant to Fed. R. Civ. P. 12(b), and for such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This 42 U.S.C. § 1983 action concerns the denial of a New York State pistol license. Specifically, Plaintiff Kevin Grier challenges Defendant Judge Hyun Chin Kim's February 2023 decision denying his application for a pistol license, wherein Judge Kim concluded, based upon her review of Plaintiff's application, criminal history, and his statements at a hearing she presided over, that Plaintiff failed to meet the statutory requirements for licensing. Rather than proceeding through available avenues of judicial review and redress in the state courts, Plaintiff instead asks this Court to grant him the extraordinary remedy of an order of mandamus directing Judge Kim to reinstate and grant Plaintiff's already concluded license application, and to declare the State's "good moral character" requirement for licensing unconstitutional on its face and as applied to him. Because Plaintiff's claims against Judge Kim are uniformly foreclosed as a matter of law, this Court should dismiss the complaint in its entirety.

Three independent grounds exist for dismissal. First, this Court lacks jurisdiction over this action because no case or controversy exists between Plaintiff and Judge Kim based solely on Judge Kim's adjudication of Plaintiff's license application. The Supreme Court's holding in *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021), makes clear that a judge who rules on a party's rights under a statute is not adverse to the party for purposes of Article III's case or controversy requirement merely because the party contends the statute is unconstitutional. And Plaintiff's pleadings do not establish any plausible threat of actual and imminent injury to confer him with

standing to obtain the sweeping declaratory relief he seeks in prospectively invalidating New York's "good moral character" requirement for pistol licensing on its face.

Second, both Plaintiff's facial and as-applied claims are barred by the Eleventh Amendment because he cannot demonstrate an ongoing violation of federal law to come within the *Ex parte Young* exception to immunity. Even if Plaintiff could somehow bypass the general rule that *Ex parte Young* does not apply to state judicial officers because judges do not enforce state laws simply by applying the laws to a party's circumstances, Plaintiff's attempt to recast Judge Kim's past denial of his licensing application as an ongoing violation of his constitutional rights fails. Indeed, the thrust of Plaintiff's requested relief—an order directing Judge Kim to undo her 2023 denial of Plaintiff's license application and declaring that the denial violated Plaintiff's rights—confirms the jurisdictional infirmities of his claims.

Finally, Plaintiff's § 1983 claim also fails because the plain terms of § 1983 bar injunctive relief in cases like this one brought against judicial officers acting in their judicial capacities except in limited circumstances not implicated here. Second Circuit precedent squarely holding that state officials like Judge Kim perform judicial functions when adjudicating pistol licensing applications compels the conclusion that Plaintiff's claims against Judge Kim are foreclosed by the statutory grant of judicial immunity under § 1983.

## STATEMENT OF THE CASE

New York law generally prohibits the unlicensed possession of firearms. *See* N.Y. Penal Law §§ 265.01-B, 400.00. To obtain a pistol license in New York, an individual must satisfy basic eligibility requirements, including, among other things, being of "good moral character," which the statute defines as "having the essential character, temperament and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others."

2

*Id.* § 400.00(1)(b). Licensing in the State is done by local officials; in Orange County, local judges are responsible for adjudicating license applications. *Id.* §§ 265.00(10), 400.00(1).

Plaintiff Kevin Grier is a resident of Orange County. Compl. ¶ 25. In 2021, Plaintiff applied for an application for a handgun license with the Orange County Sheriff's Office. *Id.* ¶ 30. The Sheriff's Office conducted the required background investigation into Plaintiff's criminal and mental health history as part of the application process. *Id.* ¶ 31. That investigation revealed that Plaintiff had a history of nine arrests and five convictions, including two felony convictions that were expunged or for which he was granted a Certificate of Relief from Civil Disabilities. *See* Exhibit ("Ex.") A to Fang Decl. at 003-004. Plaintiff's application, along with the results of the background investigation, were forwarded to Judge Kim. Compl. ¶ 33. Judge Kim is a County Court Judge in Orange County, and was the judge assigned to adjudicate Plaintiff's licensing application. *See* N.Y. State Unified Court System, 9th Judicial District, Orange County, Orange Supreme & County Court, *available at* https://tinyurl.com/2ubk254e (last visited March 13, 2024); Compl. ¶ 4.

Following a December 2022 hearing, where Plaintiff appeared, Judge Kim issued a written decision on February 21, 2023, denying Plaintiff's handgun license application. Ex. A to Fang Decl. at 001-002; Compl. ¶ 23. In that decision and the accompanying letter, Judge Kim explained that she found Plaintiff's criminal history, along with his "explanation of [his] criminal history," and especially his statements at the hearing wherein he described one of his convictions as "predicated upon a 'typo'" that he knowingly failed to correct "in order to obtain employment," to be "unsatisfactory." Ex. A to Fang Decl. at 004. Based on her review of Plaintiff's application, his criminal history, and his statements at the hearing, Judge Kim concluded that Plaintiff "fails to meet the requirement of Penal Law § 400.00(1)(b)" and did "not possess the essential character,

3

temperament, and judgment necessary" to be granted a pistol permit "at this time." Ex. A to Fang Decl. at 001, 004.

On May 10, 2023, Plaintiff commenced this 42 U.S.C. § 1983 action against Judge Kim, solely in her official capacity as a "statutory handgun licensing officer" in Orange County. Compl. ¶ 4. In his two-count complaint, Plaintiff asserts a facial and as-applied challenge to Penal Law § 400.00(1)(b), seeking declarations that (1) the "good moral character" requirement of Penal Law § 400.00(1) violates the Second Amendment, and (2) Judge Kim violated Plaintiff's Second Amendment rights by denying his pistol license application based on her finding that he did not satisfy the "good moral character" requirement to licensing. Compl. ¶¶ 53-56. In addition to declaratory relief, Plaintiff asks this Court to issue an order of mandamus directing Judge Kim to grant his pistol license application (which was denied in February 2023) "*nunc pro tunc*," and to award Plaintiff "nominal damages" and attorney's fees. *Id.* at 11.

## STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint must be dismissed for lack of subject matter jurisdiction when the "court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). The party seeking to invoke the jurisdiction of the court "has the burden of proving by a preponderance of the evidence that it exists." *Id.* While "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000), "jurisdiction must be shown affirmatively," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In determining whether jurisdiction exists, the court may consider documents that are integral to the complaint, *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011), as well as "evidence outside the pleadings," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), and "matters of which judicial notice

4

may be taken," *Hylton v. J.P. Morgan Chase Bank N.A.*, 338 F. Supp. 3d 263, 272-73 (S.D.N.Y. 2018).

To survive a Rule 12(b)(6) motion to dismiss, the pleading must contain sufficient factual allegations which state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the context of a Rule 12(b)(6) motion, courts must generally accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff, but need not credit conclusory statements or legal conclusions. *See id.* at 678. In resolving a Rule 12(b)(6) motion, courts may consider documents integral to the complaint, and those relied on by plaintiff in bringing suit. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## ARGUMENT

**I.      THIS COURT LACKS JURISDICTION OVER THIS ACTION**

Federal courts are courts of limited jurisdiction. Article III of the U.S. Constitution limits the judicial power of federal courts to "deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const. art. III, § 2). To constitute a justiciable controversy under Article III, there must be a "definite and concrete" dispute between parties with "adverse legal interests." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Additionally, a litigant seeking to sue in federal court must demonstrate standing by showing: (1) a "concrete and particularized injury;" (2) "that is fairly traceable to the challenged conduct;" and (3) "is likely to be redressed by a favorable judicial decision." *Hollingsworth*, 570 U.S. at 704 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff challenges the facial constitutionality of Penal Law § 400.00(1)(b)'s "good moral character" requirement and alleges that Judge Kim violated his constitutional rights when she applied the "good moral character" requirement to him in denying his application.

### A.   There Is No Justiciable Case or Controversy Here.

This Court lacks jurisdiction over Plaintiff's facial and as-applied claims because "no case or controversy exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 40 (2021) (quoting *Pulliam v. Allen*, 446 U.S. 522, 538 n.18 (1984)) (internal quotation marks omitted). That is precisely the situation here. As alleged in the complaint, Judge Kim was the judge who was assigned to decide Plaintiff's pistol licensing application and was accordingly responsible for determining whether Plaintiff satisfied the statutory requirements for licensing. Compl. ¶¶ 4, 33-36, 47; N.Y. Penal Law §§ 265.00(10), 400.00(1). Judge Kim's decision in concluding, upon consideration of the evidence before her consisting of Plaintiff's application, criminal history, and his statements at a hearing, as applied to Penal Law § 400.00(1)(b)'s licensing requirements, that Plaintiff failed to satisfy the statutory "good moral character" requirement is no different than what judges do in the ordinary course when they decide cases. Here, Plaintiff's grievance against Judge Kim is based solely on the fact that she rendered a decision that was adverse to Plaintiff's interests.

Were Plaintiff correct that Judge Kim's decision rendered her adverse to him for purposes of Article III's case or controversy requirement, then a justiciable controversy would arise between a litigant and a judge every time a litigant loses a case. But that is simply not the law. To the contrary, as the Supreme Court has explained, "[j]udges exist to resolve controversies about a law's meaning or its conformance to the Federal and State Constitutions, not to wage battle as contestants in the parties' litigation." *See, e.g.*, *Whole Woman's Health*, 595 U.S. at 40. A judge is not adverse to a litigant merely because the judge is called upon to adjudicate a matter pursuant to a statute that the litigant contends is unconstitutional. *See, e.g.*, *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003) (no justiciable controversy exists between "a state judge acting purely in his

6

adjudicative capacity" and a party presenting a facial challenge to a statute); *In re Justices of Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir. 1982) (no case or controversy exists between parties and justices whose "only function concerning the statutes being challenged is to act as neutral adjudicators rather than as administrators, enforcers, or advocates"). The District Court in the Northern District of New York recently applied these settled principles in dismissing nearly identical claims brought by two pistol license applicants against the judge who denied their applications, on the grounds of the absence of a case or controversy between the parties. *See Kellogg v. Nichols*, No. 23-cv-658, __ F. Supp. 3d __, 2023 WL 8046892, at *4 (N.D.N.Y. Nov. 21, 2023), *appeal pending*, No. 23-8093 (2d Cir.). So too should this Court.

Separately, Plaintiff's claim for a prospective declaration concerning the facial constitutionality of Penal Law § 400.00(1)(b) also fails for lack of standing. To pursue prospective declaratory relief, Plaintiff must show that he will suffer a "certainly impending" future injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983) (standing for prospective injunctive relief requires demonstration of realistic threat of repeated injury). Plaintiff acknowledges that his pistol license application was denied in 2023. *See* Compl. ¶ 34. There is no allegation that Plaintiff has initiated a new application or intends to do so in the future. Nor are there any facts from which it may be reasonably inferred that any hypothetical future application will be adjudicated by Judge Kim, who is only one of several judges in Orange County responsible for deciding pistol licensing applications. *See* N.Y. State Unified Court System, 9th Judicial District, Orange County, Orange Supreme & County Court, *available at* https://tinyurl.com/2ubk254e (last visited March 13, 2024). Under these circumstances, Plaintiff has not established any "actual or imminent"—as opposed to "conjectural or hypothetical"—future injury that is likely to be redressed by injunctive relief directed to Judge

7

Kim. *See, e.g.*, *Lujan*, 504 U.S. at 560; *SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 548 F. App'x 741, 742 (2d Cir. 2014) (claims not justiciable where they "depend on contingent future events that . . . may not occur at all").

### B. The Eleventh Amendment Bars Plaintiff's Claims.

Aside from being unable to satisfy the case or controversy and standing requirements, Plaintiff's claims are independently subject to dismissal because he cannot overcome Eleventh Amendment immunity. The Eleventh Amendment precludes federal courts from hearing suits against a State, absent the State's express waiver of immunity or valid abrogation of that immunity by Congress. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). This immunity extends to suits like this one where claims are brought against state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017).

A limited exception to the Eleventh Amendment bar exists under *Ex parte Young*, 209 U.S. 123 (1908), which permits suits for prospective injunctive relief against state officials for ongoing violations of federal law. To come within the *Ex parte Young* exception however, Plaintiff must, among other things, establish that Judge Kim is responsible for the enforcement of the pistol licensing provision he is challenging. *In re Dairy Mart Convenience Store, Inc.*, 411 F.3d 367, 372-73 (2d Cir. 2005); *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976). He cannot do so.

As the Supreme Court recently clarified, the "narrow" *Ex parte Young* exception does not generally authorize "federal courts to issue injunctions against state-court judges." *Whole Woman's Health*, 595 U.S. at 39. This is so because judges "do not enforce state laws as executive officials might" by merely applying or interpreting those laws. *Id.*; *In re Justices of Supreme Court of Puerto Rico*, 695 F.2d at 21 (judges who hear disputes brought under challenged laws are not

8

the "enforcers" of those laws). In *Whole Woman's Health*, the Supreme Court dismissed claims brought by health care providers against a putative class of judges responsible for adjudicating cases brought pursuant to a statute that the providers alleged was unconstitutional on precisely this ground. 595 U.S. at 39; *see also M.M. v. N.Y. State Ct. of Appeals*, No. 21-2924, 2022 WL 1565694, at *2 (2d Cir. May 18, 2022). And the Northern District of New York likewise found, based on nearly identical allegations to those presented here, that judges who decide pistol licensing applications do not enforce the licensing statutes. *See Kellogg*, 2023 WL 8046892, at *5; *see also Capogrosso v. Gelbstein*, No. 22-2827-cv, 2023 WL 7485363, at *2 (2d Cir. Nov. 13, 2023) (injunctive relief seeking to undo practice bar imposed by administrative law judge and agency counsel was foreclosed under *Whole Woman's Health* where defendants were performing judicial functions).

Additionally, Plaintiff's claims fall outside the *Ex parte Young* exception to Eleventh Amendment immunity because he fails to establish any prospective, ongoing violations of federal law. Indeed, *Ex parte Young* applies "only to prospective relief [and] does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Green v. Mansour*, 474 U.S. 64, 73 (1985). As set forth in the complaint, Judge Kim denied Plaintiff's pistol licensing application in February 2023, *see* Compl. ¶ 34, more than a year ago. That denial concluded Plaintiff's application. The relief that Plaintiff seeks here pertaining to his now-concluded license application—specifically, an order "[d]irecting by Order of Mandamus that Judge Hyun Chin Kim grant Plaintiff's application for a New York State Pistol License, *nunc pro tunc*," and declaring that the February 2023 denial violated Plaintiff's Second Amendment rights, Compl. at 11—would necessarily be retrospective and thus outside of the scope of *Ex parte Young. See, e.g., Triestman*

*v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) (declaration that family court judge violated state laws in concluded custody case is "entirely retrospective and is barred by Eleventh Amendment immunity"); *Li*, 712 F. App'x at 23-24 (claim for declaratory relief properly dismissed in case brought by disbarred attorney seeking to reverse his already-imposed professional discipline because relief he sought was retrospective); *Caruso v. Zugibe*, 646 F. App'x 101, 104-05 (2d Cir. 2016) (requested relief which entailed reopening a closed state court case and undoing a guilty plea not prospective); *Sibley v. Watches*, No. 19-cv-6517, 2024 WL 1157047, at *4 (W.D.N.Y. Mar. 18, 2024) (declaration that "good moral character" requirement as applied to plaintiff "is retrospective" and thus barred by Eleventh Amendment).

Even if this were not the case, this Court nonetheless lacks jurisdiction to issue a writ of mandamus to a state court judge like Judge Kim, as it is well settled that "[t]he federal courts have no general power to compel action by state officials." *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Jones v. Caputo*, No. 22-cv-1640 (LTS), 2022 WL 623499, at *3-4 (S.D.N.Y. Mar. 3, 2022) (denying application for writ of mandamus directed to state court judge); *Deem v. DiMella-Deem*, No. 18-cv-11889 (KMK), 2019 WL 1958107, at *10 n.6 (S.D.N.Y. May 2, 2019) (denying injunctive relief directed to county family court officials); *see also, e.g.*, *Matter of Husejnovic*, No. 2023-02771, 2024 WL 950125, at *1 (2d Dep't Mar. 6, 2024) (extraordinary remedy of mandamus inappropriate in proceeding to review denial of firearm licensing application). Nor would it be appropriate for federal judges to "sit in constant supervision of state judicial officers," as a matter of comity. *See Pulliam*, 466 U.S. at 539; *accord Whole Woman's Health*, 595 U.S. at 39.

Finally, Plaintiff's claim for nominal money damages against Judge Kim, who is sued solely in her official capacity, is likewise foreclosed by the Eleventh Amendment. *Nat'l Rifle Ass'n*

*of Am. v. Hochul*, No. 20-3187-cv, 2021 WL 5313713, at *2 (2d Cir. Nov. 16, 2021) (nominal damages unavailable in official capacity suit); *Kentucky v. Graham*, 473 U.S. 159, 170 (1985).

**II.     JUDGE KIM IS ENTITLED TO STATUTORY IMMUNITY UNDER § 1983.**

Plaintiff brings his facial and as-applied claims against Judge Kim under 42 U.S.C. § 1983. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

This action is barred under the plain terms of § 1983. Although Plaintiff purports to bring his claims against Judge Kim in her capacity as a "statutory handgun licensing officer," *see* Compl. ¶ 4, there can be no genuine dispute that Judge Kim is also a "judicial officer." The Court can (and should) take judicial notice that Judge Kim is a sitting County Court Judge, even if deciding pistol license applications is one of her myriad statutory duties as a County Court Judge. *See* N.Y. State Unified Court System, 9th Judicial District, Orange County, Orange Supreme & County Court, *available at* https://tinyurl.com/2ubk254e (last visited March 13, 2024); N.Y. Penal Law § 265.00(10); *see also, e.g.*, *Porter v. City of N.Y.*, No. 03-cv-6463, 2004 WL 7332338, at *4 (E.D.N.Y. Mar. 15, 2004) (taking judicial notice that defendant was family court judge based on information contained on the New York State Unified Court System's website).

In a carefully reasoned opinion, the Second Circuit has squarely held that state court judges like Judge Kim, who serve as "the licensing officer for the [license] applicant's county of residence," perform judicial functions when they "directly rule[]" on the pistol license applications by "refer[ring] to the relevant requirements of § 400.00, and decid[ing] the merits of the applicants' requests." *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 124 (2d Cir. 2020), *abrogated on other grounds by New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct.

11

2111 (2022). This holding forecloses Plaintiff's attempt to bypass the § 1983's grant of statutory judicial immunity through his selective pleading.

"The principal hallmark of the judicial function is a decision in relation to a particular case." *Bliven v. Hunt*, 579 F.3d 204, 211 (2d Cir. 2009). As the Second Circuit held in *Libertarian Party*, firearms licensing decisions rendered by local judges constitute judicial acts because they involve the "adjudication of particularized, existing issues"—namely, determining a particular applicant's entitlement to a license based on the applicant's specific circumstances. 970 F.3d at 124; *accord Bliven*, 579 F.3d at 210 (explaining that "acts arising out of, or related to, individual cases before the judge are considered judicial in nature" whereas a judge's acts effectuating administrative actions such as hiring or firing, or promulgating general court rules are not); *see also Butz v. Economou*, 438 U.S. 478, 513 (1978) (administrative law judges perform judicial functions when presiding over administrative hearings and are entitled to judicial immunity).

The decision and letter issued by Judge Kim in this case denying Plaintiff's license application is indistinguishable from those the Second Circuit determined to be judicial decisions in *Libertarian Party.* As was the case in *Libertarian Party*, Judge Kim here issued an order from "State of New York, County Court: Orange County" directly ruling on Plaintiff's license application, wherein Judge Kim held "that after having an opportunity to review the statements of the applicant at the hearing and after reviewing the application as well as documents and materials provided to the Court by the applicant, and the Report submitted by the Office of the Sheriff, the Court finds that the applicant fails to meet the requirements of Penal Law 400.00(1)(b)," and therefore "ORDERED[] that the application for a pistol permit is denied." Ex. A to Fang Decl. at 001-002. *Libertarian Party*, 970 F.3d at 124-25. The letter accompanying the order was issued by Judge Kim on Orange County Supreme and County Courts letterhead, and recounted Plaintiff's

criminal history and explained in greater detail the basis for Judge Kim's decision to deny Plaintiff's application. In particular, the letter detailed Judge Kim's finding that Plaintiff's explanation for his criminal history, including his statement during the hearing she conducted where he described one of his criminal convictions as being "predicated upon a 'typo'" that he knowingly failed to correct in order to benefit himself, to be "unsatisfactory." Ex. A to Fang Decl. at 003-004. As Judge Kim explained, these considerations, in conjunction with all of the evidence before her, failed to demonstrate that Plaintiff "possess[es] the essential character, temperament, and judgment necessary" to warrant the granting of his application for a pistol permit "at this time." *Id.* The order and letter denying Plaintiff's license application issued by Judge Kim in this case bear all the essential attributes of judicial decisions as identified by the Second Circuit. *Compare Libertarian Party*, 970 F.3d at 124-25 *with* Ex. A to Fang Decl. at 001-004.

Indeed, other courts in the Second Circuit have consistently applied *Libertarian Party* to hold, in similar cases brought against local judges in pistol licensing matters, that the judges' decisions on licensing constituted judicial acts. *See, e.g.*, *Kellogg*, 2023 WL 8046892, at *3; *Trello v. McKeighan*, 624 F. Supp. 3d 150, 155 (N.D.N.Y. 2022); *Paulk v. Kearns*, 596 F. Supp. 3d 491, 497 (W.D.N.Y. 2022); *Johnson-El v. DeProspo*, No. 20-cv-2878 (LLS), 2020 WL 5350487, at *5 (S.D.N.Y. Sept. 3, 2020); *Aron v. Becker*, 48 F. Supp. 3d 347, 365 (N.D.N.Y. 2014) ("Judge Becker's function as a firearm licensing officer was to render a decision on Plaintiff's pistol permit application. By doing so, Judge Becker fulfilled the principal hallmark of judicial functioning."). There is no reason to reach a different result here.

Thus, under the plain text of the statute, Plaintiff's claims for injunctive relief against Judge Kim are barred by the statutory grant of immunity under § 1983 "as long as declaratory relief remains available, the judge did not exceed her jurisdiction, and the plaintiff does not allege that a

13

declaratory judgment was violated." *Sargent v. Emons*, 582 F. App'x 51, 53 (2d Cir. 2014); *accord Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). None of these circumstances are implicated in this case.

First, declaratory relief is plainly available: Plaintiff may challenge the constitutionality of Penal Law § 400.00(1)(b) in the state courts through a declaratory judgment action. *See, e.g.*, *Matter of Harper v. Neary*, No. 2023-02620, 2024 WL 950149, at *1 (2d Dep't Mar. 6, 2024); *Matter of Robbins v. Warhit*, 198 A.D.3d 790, 791 (2d Dep't 2021). Nor has Plaintiff alleged to the contrary. And an Article 78 proceeding commenced in state court is "the proper vehicle to determine whether a statute, ordinance, or regulation has been applied in an unconstitutional manner." *Matter of Kovarsky v. Housing & Dev. Admin. of City of N.Y.*, 31 N.Y.2d 184, 191 (1972). Here, Plaintiff could have obtained meaningful judicial review of Judge Kim's decision for his licensing application in an Article 78 proceeding—although he elected not to do so in this case. *See, e.g.*, *Matter of Maher v. Kim*, 223 A.D.3d 906, 906-07 (2d Dep't 2024) (reversing and annulling denial of pistol permit upon Article 78 review).

Second, Plaintiff does not claim that Judge Kim acted outside of her authority in ruling on his license application. Rather, his own allegations affirmatively establish that Judge Kim "was, at all times relevant to this proceeding . . . authorized to issue licenses pursuant to Penal Law § 400.00, *et seq.*" Compl. ¶ 4. And third, there is no allegation that Judge Kim violated a declaratory decree in rejecting Plaintiff's pistol license application. *See, e.g.*, *McCluskey v. New York State Unified Court Sys.*, 442 F. App'x 586, 588 (2d Cir. 2001).

Accordingly, because binding precedent compels the conclusion that Plaintiff's claims against Judge Kim arising out of his unsuccessful licensing application are brought against "a judicial officer for an act or omission taken in such officer's judicial capacity," 42 U.S.C. § 1983,

and because none of the enumerated exceptions to the judicial immunity conferred by § 1983 apply, this action must be dismissed. *See Libertarian Party*, 970 F.3d at 124; *Montero*, 171 F.3d at 761; *Sibley*, 2024 WL 1157047, at *4 (dismissing similar claims under § 1983).

## CONCLUSION

For the reasons set forth above, this Court should dismiss the complaint in its entirety with prejudice, and grant such other relief as it deems just and proper.

Dated:   New York, New York
         March 22, 2024

Respectfully submitted,

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Judge Kim

By:   /s/ Linda Fang
      Linda Fang
      Special Litigation Counsel
      28 Liberty Street
      New York, New York 10005
      (212) 416-8580